

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2009

# USA v. Cannon

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2000

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Cannon" (2009). *2009 Decisions.* Paper 811.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/811

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2000

UNITED STATES OF AMERICA

v.

ODDELL QUARN CANNON,
                                              Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 06-cr-00258

(District Judge: The Honorable Timothy J. Savage)

Before: McKEE, HARDIMAN and VAN ANTWERPEN *Circuit Judges.*

Submitted pursuant to Third Circuit LAR 34.1(a)
June 11, 2009

(Opinion Filed: August 17, 2009)

OPINION

McKEE, *Circuit Judge*

Following a jury trial, Oddell Quarn Cannon was convicted of one count of illegal

possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and

924(e), and one count of possession of body armor by a person convicted of a violent

felony, in violation of 18 U.S.C. § 931.  He appeals both convictions as well as the

sentence that was imposed for those crimes.   For the reasons that follow, we will affirm

1

the judgment of convictions, but remand for resentencing on Count Two of the indictment.

## I.

On May 22, 2006, police arrived to the 700 block of East Chestnut Street in Coatesville, Pennsylvania where they found Cannon and another individual lying near each other, both apparently suffering from multiple gun shot wounds. Cannon was approximately 50 yards away from his 1998 Buick, and a handgun and a bag that appeared to contain marijuana were within his reach. It was later discovered that Cannon was wearing body armor.

Detective Martin Quinn, who arrived shortly after Cannon was transported to the hospital, was informed by a state trooper that a friend of Cannon's had attempted to remove Cannon's Buick from the scene. Thereafter, Detective Quinn transported the Buick to the Coatesville Police Station where Corporal McEvoy and Detective Pawling of the Coatesville City Police Department obtained a warrant to search the Buick. During the course of the ensuing search, Detective Quinn found a .357 Magnum and fourteen rounds of ammunition in the trunk of the car. Thereafter, on May 31, 2006, a grand jury returned an indictment charging Cannon with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e), and one count of possession of body armor by a person convicted of a violent felony, in violation of 18 U.S.C. § 931.

Cannon subsequently moved to suppress the evidence that had been seized from

2

the car.  The district court denied that motion after a suppression hearing. The court ruled that although the search warrant was not supported by probable cause, the police acted in good faith reliance on the warrant and the evidence was therefore admissible pursuant to *United States v. Leon*, 468 U.S. 897 (1984).[1]  Thereafter, a jury convicted Cannon of both counts of the indictment, and he was sentenced to a term of imprisonment of 180 months.

On appeal, Cannon argues that the district court erred by:  (1) denying his motion to suppress physical evidence; (2) finding that he was an "armed career criminal" under the Armed Career Criminal Act ("ACCA"), codified at 18 U.S.C. § 924(e); (3) assigning three criminal history points pursuant to U.S.S.G. § 4A1.1(d) and U.S.S.G. § 4A1.1(e); (4) refusing to reduce his sentence for acceptance of responsibility under U.S.S.G. § 3E1.1; and (5) imposing a 60 month sentence on Count Two which has a statutory maximum of 36 months.  We will address each of Cannon's arguments separately.

## II.

Cannon first argues that the search was not supported by probable cause, and the good faith exception to the warrant requirement does not apply because  "the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."[2] *See* Appellant's Brief *at* p.10.   We review the district court's findings of

---

[1] The district court did not state why it believed the warrant was not supported by probable cause.

[2] We note, that for the first time on appeal, Cannon also avers that the affidavit in this case was deliberately or recklessly false.  However, as Cannon never raised this

3

fact at a suppression hearing for clear error, but the court's application of legal principles to those facts receives plenary review. *United States v. Inigo*, 925 F.2d 641, 509 (3d Cir. 1991); and *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998).

The existence of probable cause for a search warrant is determined by an examination of the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). Probable cause exists when the totality of the circumstances suggests "'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001) (quoting *Gates*, 462 U.S. *at* 238 (1983)).

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court adopted a "good faith" exception to the warrant requirement of the Fourth Amendment. Following *Leon*, evidence will not be suppressed merely because it is seized pursuant to an invalid search warrant. Rather, a defendant must show that the warrant was so facially defective that reliance on it was objectively unreasonable. *Hodge*, 246 F.3d *at* 307 (quoting *United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993)). Accordingly, "[t]he test for whether the good faith exception applies is whether a reasonably well-trained officer would have

---

argument before the district court, and now fails to offer a factual basis for this claim, we decline to address it here. *See United States v. Rose*, 538 F.3d 175 (3d Cir. 2008) (noting that a suppression motion raised for the first time on appeal is waived and completely barred absent good cause).

known that the search was illegal despite the magistrate judge's authorization." *Id.* (citing *Leon*, 468 U.S. at 922). Although "[t]he mere existence of a search warrant typically suffices to prove that an officer conducted a search in good faith," there are certain situations where an officer's reliance on a search warrant would not be reasonable. These include situations where a warrant is issued: "(1) in reliance on a deliberately or recklessly false affidavit, (2) when the magistrate judge abandoned his judicial role and failed to perform his neutral and detached function, (3) when the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, or (4) when the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized." *Id. at* 308.

Here, the affidavit averred that Cannon was injured after being involved in an apparent "shoot-out." Cannon was discovered near a handgun, a bag of marijuana, and his Buick. The affiant stated that it was his experience that persons who unlawfully possess firearms and drugs frequently keep drug paraphernalia, ammunition and additional firearms in their cars and residences. Finally, police learned that a friend of Cannon's attempted to remove Cannon's Buick from the scene after the shoot-out.[3] The

---

[3] *Hodge* is especially instructive here, noting that direct evidence linking the place to be searched to the crime is not necessary for the issuance of a search warrant. *Id.* (citing *United States v. Conley*, 4 F.3d 1200, 1207 (3d Cir. 1993)). "'Instead, probable cause can be, and often is, inferred by 'considering the type of crime, the nature of the items sought, the suspects opportunity for concealment, and normal inference about where a criminal might hide' the fruits of his crime.'"*Id.* (citing *United States v. Jones*, 994 F.2d 1051, 1056 (3d Cir. 1993) (quoting *United States v. Jackson*, 756 F.2d 703, 705

warrant that issued described the property to be searched and the items to be seized. Thus, even assuming *arguendo* that the warrant was not supported by probable cause, it is abundantly clear that none of the exceptions to *Leon* apply, and the district court clearly did not err in denying the suppression motion.

**III.**

Nor did the district court err in finding that Cannon was an "armed career criminal" pursuant to 18 U.S.C. § 924(e).

18 U.S.C. § 924(e)(1) states: "a person who violates section 922(g)...and has three previous convictions...for a violent felony or a serious drug offense, or both, committed on occasions different from one another...shall be...imprisoned not less than fifteen years, and...the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)." *See* 18 U.S.C. § 924(e)(1). U.S.S.G. § 4B1.4 provides: "A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." *See* U.S.S.G. § 4B1.4(a). Cannon was convicted of violating 18 U.S.C. § 922(g). Accordingly, the district court determined that Cannon had violated the "armed career criminal"provision of 18 U.S.C. § 924(e)(1) and therefore imposed a sentence pursuant to U.S.S.G. § 4B1.4(b)(3).

---

(9th Cir. 1985)). _____

According to the Pre-Sentence Report ("PSR"), Cannon has three prior convictions for serious drug offenses or violent felonies. At sentencing, Cannon expressed his disagreement with being classified as an "armed career criminal." A.R. 479-A. However, his attorney expressly stated that the PSR did not contain any factual inaccuracies. A.R. 480-A.[4]

Now, for the first time on appeal, Cannon claims that the PSR inaccurately represents his criminal history and therefore the district court erred in classifying him as an "armed career criminal." Specifically, Cannon argues that because his numerous drug convictions were included in the same charging document, they do not qualify as having been "committed on occasions different from one another." *See* U.S.S.G. § 4B1.4(b)(3). Cannon also contends that one of his prior convictions for assault was actually a charge for simple assault which is not a "violent felony" under the ACCA.

Cannon has waived these objections to the accuracy of the PSR by not raising them at sentencing. *See Government of Virgin Islands v. Rosa*, 399 F.3d 283, 291 (3d Cir. 2005). However, even assuming *arguendo* that the objections had not been waived, we would nevertheless conclude they are meritless.

The PSR lists numerous offenses comprising what can only be described as an

_____

[4]At sentencing, Cannon's attorney argued against the policy of applying the ACCA against his client but expressly agreed to the fact that Cannon was: (1) convicted of violating § 922(g); and (2) has three prior convictions for a serious drug offense. A.R. 485-A.

extensive criminal history. In addition to numerous juvenile offenses, in 1997 Cannon

pled guilty to two counts of aggravated assault, two counts of delivery of cocaine, and

two counts of conspiracy to possess a controlled substance with intent to deliver. It is not

disputed that, although these offenses were charged in the same complaint, the criminal

conduct underlying those offenses occurred on different dates. Thus, even if one of

Cannon's assault convictions was for simple assault and not aggravated assault, he would

still satisfy the requirements for being an Armed Career Criminal under the ACCA based

on his three other qualifying convictions - the uncontested aggravated assault conviction

and at least two felony drug convictions.

**IV.**

Cannon's next two arguments contest the district court's assignment of three

criminal history points pursuant to U.S.S.G. §§ 4A1.1(d), 4A1.1(e), and the district

court's refusal to grant Cannon a downward departure for acceptance of responsibility.

However, we need not address these meritless arguments because Cannon was subject to

a mandatory minimum sentence of 180 months based on his classification as an "armed

career criminal." Thus, even if the court had committed either or both of the errors

Cannon complains of, his sentence would have been the same.

**V.**

Cannon's final claim does, however, have merit. He argues that his 60 month

sentence of imprisonment on Count II exceeds the statutory maximum of 36 months for

8

that offense, and the government agrees.  The error will not effect Cannon's ultimate sentence as the sentence on Count II was concurrent with the 180 months imprisonment imposed on Count I. However, we will nevertheless remand so that the district court can correct the error by resentencing on Count II.[5]

## VI.

For the reasons set forth above, we will affirm the judgment of conviction on Counts One and Two, but remand for resentencing on Count Two.

---

[5] Cannon did not object to the sentence on Count II when it was imposed, and, as noted, the government now agrees that it exceeds the statutory maximum. Had defense counsel or the government alerted the court that the sentence imposed on Count II exceeded the statutory maximum at sentencing, the district court could have addressed the problem then.